UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JAMES M. KILLIAN, | ) | |
| | ) | Case Nos. 1:13-cr-33, 1:14-cv-326 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

# MEMORANDUM OPINION

James M. Killian ("Petitioner"), a federal prisoner, timely filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "2255 Motion") on November 13, 2014 [Doc. 30].[1] The government has responded [Doc. 32], and Petitioner has replied [Doc. 33]. For the reasons stated herein, the Court finds the 2255 Motion is procedurally defaulted. For that reason, the 2255 Motion shall be **DENIED**.

## I. STANDARDS

### A. Threshold Standard

Under 28 U.S.C. § 2255(a), a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States; or that the court lacked jurisdiction to impose the sentence; or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. As a threshold standard, to obtain post-conviction relief under Section 2255, a motion must allege: (1) an error of constitutional magnitude; (2) a

---

[1] All citations to the district court record are to the docket of Case No. 1:13-cr-33, which is the underlying criminal case.

1

sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A petitioner bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley,* 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993). In order to obtain collateral relief under Section 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a Section 2255 motion if "it plainly appears from the face of the motion, the attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states 'only bald legal conclusions with no supporting factual allegations.'" (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963))). If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

### B. Procedural Default

Generally, a federal prisoner is procedurally barred from raising on collateral review a claim he did not raise on direct appeal unless that claim is ineffective assistance of counsel under the Sixth Amendment. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001); *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). A procedurally defaulted claim may be considered on collateral review if the petitioner can show: (1) cause for failure to raise the claim on direct appeal; and (2) actual prejudice resulting from the alleged violation. *Bousely*, 523 U.S. at 622; *Peveler*, 269 F.3d at 698–700; *Elzy*, 205 F.3d at 884. If the petitioner fails to show cause, then it is not necessary to consider whether petitioner suffered prejudice. *Bousely*, 523 U.S. at 623. Ineffective assistance of counsel is considered "cause" for failure to raise an issue on direct appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *Ratcliff v. United States*, 999 F.2d 1023, 1026 (6th Cir. 1993); *Elzy*, 205 F.3d at 884.

A petitioner may be able to obtain review of his claims even if he is unable to show cause and prejudice. In that circumstance, review would only occur if petitioner's case fits within a narrow class of cases permitting review for the purpose of preventing a fundamental miscarriage of justice. A concrete example of such miscarriage of justice would be submission of new evidence showing that a constitutional violation probably resulted in a conviction of one who is actually innocent. *Bousley*, 523 U.S. at 622–23 (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)); *see also Peveler*, 269 F.3d at 698.

## II. FACTS

On September 12, 2013, pursuant to a plea agreement, Petitioner pleaded guilty to one count of operating an illegal gambling business in violation of 18 U.S.C. § 1955. The plea

3

agreement did not contain a waiver of direct or collateral appellate review [Doc. 11, Plea Agreement]. On January 9, 2014, Petitioner was sentenced to six months of imprisonment and two years of supervised release, with twelve months of supervised released to be served under home confinement [Doc. 22, Minute Entry for Sentencing Hearing]. Judgment was entered on January 31, 2014 [Doc. 25, Judgment]. In addition to his sentence and supervised release, he was fined $30,000.00 [*Id.*]. Petitioner served his term of imprisonment and was subsequently released from supervision by the United States Probation Services on January 8, 2017.

## III. ANALYSIS

Petitioner asserts that information he gave to the government during a proffer session held prior to his prosecution was used against him at his sentencing in violation of the proffer agreement entered into between Petitioner and the government. Specifically, Petitioner alleges that information obtained during the proffer session was wrongfully shared with a United States Pretrial Services officer. The officer then included that information in the Presentence Report which was given to the Court to aid in determining the proper sentence for Petitioner. Petitioner further contends that this alleged violation of the proffer agreement "resulted in a Disparity of sentence between two equally [sic] co-defendants" [Doc. 30, 2255 Motion at 2]. He asks the Court to reduce his term of imprisonment, his length of home confinement, and his fine to that of his co-defendant, Robert Barry Cole, Case No. 1:13-cr-42. Cole pleaded guilty to one count of operating an illegal gambling business in violation of 18 U.S.C. § 1955. He was sentenced to three months' imprisonment, and two years' supervised release with six months of that time to be in home confinement. He was fined $3,000 [Doc. 19, Case No. 1:13-cr-42].

The government contends Petitioner has procedurally defaulted the claim brought in his 2255 Motion because he did not directly appeal his sentence based on the alleged wrongful use

of information from his proffer session and he has not shown cause why he failed to do so. The Court agrees. *See Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). Had Petitioner alleged in his 2255 Motion that his counsel was ineffective for failing to directly appeal his sentence for the reasons now raised by Petitioner, Petitioner may have been able to show cause. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *Ratcliff v. United States*, 999 F.2d 1023, 1026 (6th Cir. 1993). But Petitioner did not assert ineffective assistance of counsel in his 2255 Motion.

In his reply to the government's response to his 2255 Motion, Petitioner argues that he has adequately raised the issue of ineffective assistance of counsel in his 2255 Motion because this issue is "implied" in his 2255 Motion. In support of this argument, he cites *United States v. Graham*, 484 F.3d 413, 421–22 (6th Cir. 2007). However, *Graham* is not helpful to Petitioner. In *Graham*, the defendant unequivocally raised ineffective assistance of counsel on *direct appeal*. The court refused to address this issue on the ground that the record on direct appeal was not sufficiently developed to do so. Instead, the court invited the defendant to raise ineffective assistance of counsel in a post-conviction proceeding brought under Section 2255. *Id*. at 421–22. The Court notes that, in this case, the issue which should have been raised on direct appeal was the alleged violation of the proffer agreement resulting in a sentencing disparity—not ineffective assistance of counsel. The ineffective assistance of counsel argument should have been raised in the instant 2255 Motion to show cause why the proffer agreement issue was not raised on direct appeal. While Petitioner did address ineffective assistance of counsel in his reply brief, issues raised for the first time in a reply brief are considered waived. *Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010) ("We have consistently held, however, that arguments made to us for the first time in a reply brief are waived."); *Hunt v. Big Lots Stores,*

5

*Inc.*, 244 F.R.D. 394, 397 (N.D. Ohio 2007) (argument raised for first time in reply brief is waived).

If the Court were to accept Petitioner's argument that the ineffective assistance of counsel issue was implied in his Section 2255 Motion even though Petitioner made no reference—direct or indirect—to it, the procedural requirements would be meaningless. Were that position to be accepted by the Court, ineffective assistance of counsel arguments would be implied whenever such an argument was needed to avoid procedural default. "This [procedural] hurdle is an intentionally high one for the petitioner to surmount, for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy*, 205 F.3d at 884. Having failed to file a direct appeal challenging his sentence on the basis of the alleged violation of the proffer agreement, and having failed to show cause for failure to do so, this issue is procedurally barred.[2] The Court offers no opinion on the merits of this issue raised in Petitioner's 2255 Motion.

## IV. CONCLUSION

For the reason stated herein, the Court finds no evidentiary hearing for this 2255 Motion is necessary, and the Court concludes on the basis of the record before it that Petitioner is not entitled to relief. His 2255 Motion [Docs. 30, 33] is therefore **DENIED**.

---

[2] To the extent that Petitioner seeks a reduction of his imprisonment and home confinement during supervised release, his 2255 Motion is moot. A petitioner's 2255 motion is moot where the court can no longer provide meaningful relief to the petitioner. *See United States v. Rutledge*, Case Nos. 3:10-cr-13, 3:13-cr-179, 3:15-cv-356, 2016 WL 3582123, at *6 (S.D. Ohio June 28, 2016) (finding petitioner's 2255 motion moot where petitioner had already served the objectionable portion of petitioner's sentence and the court could no longer grant any meaningful relief.) In the instant case, Petitioner was released from supervision in January 2017.

**AN APPROPRIATE JUDGMENT WILL FOLLOW.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**